STURGES *against* BEACH and others, Executors of *Norton.*

THIS was a bill in chancery, stating, that *Birdsey Norton,* Esq. and *John C. Bush* were, from the first of *July* 1808 to the 27th of *May* 1810, and long afterwards, merchants in company, under the firm of *Norton & Bush,* and during that time, the plaintiff transacted business for them in the *United States,* and in foreign countries ; that in the course of such business, the plaintiff purchased for said *Norton & Bush,* and sent to them, diverse vessels, goods, wares and merchandize, and remitted to them large sums in bills of exchange, bank checks, and cash, which were received and disposed of by them, to account for the same to the plaintiff ; that said *Norton & Bush,* being greatly in arrear, and refusing to render their account, the plaintiff, in *April* 1812, after the death of *Norton,* commenced his action of account at law against *Bush,* as surviving partner, and after an appearance on the part of *Bush,* and a hearing before auditors, recovered final judgment against him, in the superior court, for the sum of 3996 dollars 66 cents, and costs of suit ; that before such judgment was rendered, *Bush* became an utter bankrupt, and absconded ; that *Norton* at his decease, owned a large estate, which has since gone into the hands of the defendants, his executors, and is liable in equity to the payment of said judgment ; that besides this, *Bush,* before he absconded, made over to the defendants all the property in his possession, and all the books, papers and credits of the firm, for the benefit of *Norton's* estate, and to discharge the debts of the firm ; and that the defendants, as executors of *Norton,* had notice of said action against *Bush,* during the debt against the partnership so as to charge the defendants.

On a bill in chancery by *C.,* claiming to be a creditor of the late partnership of *A.* and *B.,* dissolved by the death of *A.,* a ainst the executors of *A.,* stating the insolvency of *B.* the surviving partner, and seeking satisfaction of his claims out of *A.'s* estate, the plaintiff offered in evidence a judgment in his favour in an action at law against *B.* as surviving partner : Held that such judgment, though admissible to prove the simple fact of a recovery against *B.,* was no evidence of the existence of a

pendency thereof, and employed counsel to defend, and have since had notice of the judgment.

The plaintiff therefore prayed, that as he was remediless at law, chancery would compel the defendants to make payment.

On a hearing before the court, the plaintiff offered in evidence an exemplification of the judgment stated in the bill ; to the admission of which the defendants objected. By agreement of parties, the cause was thereupon continued to the next term, that the question of law as to the admissibility of this evidence, might be argued, in the meantime, before the nine Judges.

*Sherman* and *T. S. Williams,* for the plaintiffs, contended, that *Bush* being the representative of the firm, a judgment against him, in that capacity, must be, in effect, a judgment against the firm. It is absurd to say, that the estate of a deceased partner, which is admitted to be subject to the liabilities of the partnership, is not bound by a judgment against the legal representative of the partnership. If *Bush* had satisfied the judgment in this case, the executors of *Norton* would be liable to him ; and the judgment thus satisfied would be a sufficient voucher for him against them. If the plaintiffs had failed of a recovery against *Bush,* it is clear that they could not come against the executors of *Norton.* Why ? Manifestly, because the executors of *Norton* could plead the judgment in the suit against *Bush* in bar. They stand in the light of privies to that judgment.

*Daggett* and *N. Smith,* for the defendants, relied upon the established rule of law, that a judgment is evidence only against the parties to the suit, or others standing in the relation of privies. *Peake's Ev.* 38. 68. (3d edit.) The present defendants are in no sense parties to the judgment against *Bush.* They have had no day in court ; no opportunity to examine witnesses, or to defend themselves, or to review the judgment. Nor are they privies in relation to it. They are not privies in estate, or in blood, or in tenure. Are they privies in representation ? They are the personal representatives of *Norton,* but are strangers to the partnership. These are the only privities known in law. *Beverley's* case, 4 *Co.* 123. *b.* 124. *a.* *Co. Litt.* 271. *a.* If the judgment against *Bush* is binding upon the representatives of

*Norton,* why does not the plaintiff, instead of setting forth the original cause of action, and giving a history of the proceedings, bring an action on the judgment in the simplest manner ? The principle contended for by the plaintiffs is also opposed to sound policy ; for it would open a door for collusion between the creditors of the partnership (or those claiming to be such) and the surviving partner, to the prejudice of the estate of the deceased partner.

*Hartford,*
*June, 1816.*

Sturges
*v.*
Beach.

SWIFT, Ch. J. The judgment in the case of the plaintiff against *Bush* is proper evidence to prove the fact that a recovery was had against him ; but it is no proof of the existence of the debt so as to charge the executors of *Norton,* the deceased partner.

It is a well known principle, that judgments are binding only between parties and privies ; privies in blood, as heirs ; and privies in law, as executors and administrators ; and that no man is to be concluded by a judgment when he was not a party, or privy, and had no opportunity to be heard. In the present case, there is no privity between *Bush* and the executors of *Norton.* By the death of *Norton,* the partnership was dissolved ; *Bush* constituted the company ; but he could do no act by which he could create any obligation or liability on the executors of *Norton* after his death. The copartnership was to be settled according to the contracts existing at that time. *Bush* was liable at law for all the debts ; and the creditors, if he was able to pay, could not call on the representatives of *Norton.* It is only on the failure of *Bush,* that the estate of *Norton* can be rendered liable in equity. It is like a new claim originating against the representatives of *Norton,* and it must be supported like any other claim. Should a contrary principle be adopted, it might be productive of great inconvenience and injustice. There can be no occasion to resort to the estate of the deceased partner, unless the surviving partner is insolvent ; and if a judgment against him is sufficient evidence of a debt against the representatives of the deceased partner, then this mode of making out the claim would be usually adopted, and many frauds and collusions might be practised, which it would be very difficult to detect and expose. It may be in the power of a bankrupt to admit and establish an unfounded claim against a man of property.

*Hartford,*
*June, 1816.*

Sturges
*v.*
Beach.

I think this judgment is no evidence of a debt against the defendants.

In this opinion the other Judges concurred, except GOULD, J. who gave no opinion, having been of counsel in the cause.