<em>Hartford,</em><br>November,<br>1817.<br>Escopiniche<br><em>v.</em><br>Stewart.

## BEACH *against* SWIFT.

THIS was a *scire-facias* against the defendant, as the factor, agent, &c. of one *Titus Hall Beach*, an absent and absconding debtor. The defendant was served with a copy of the writ in the original suit, on the 23d of *October* 1815. In that suit the plaintiff recovered judgment; and a demand was duly made of the defendant, on the execution, on the 18th of *May* 1816. The defendant pleaded, that he was not factor, agent, &c. ; on which issue was joined.

The cause was tried at *New-Haven, August* term, 1817, before *Edmond, Smith* and *Baldwin,* Js.

On the trial, the plaintiff claimed, that the defendant, in the year 1810, gave three promissory notes to *Benjamin Beach,* for the sum of 200 dollars each, which the latter, on claimed to belong to *B.* by assignment from *C.*, the plaintiff offered in evidence a writing signed by *B.*, found among the papers of *C.* after his decease, acknowledging the receipt of the notes, and stating the terms of the assignment : Held that this writing was admissible to shew, that the property of the notes was in *B.*

A witness interested to avoid a judgment, for the *costs* of which he is liable, is incompetent, though his interest as to the *debt* is balanced.

On a *scire-facias* in a process of foreign attachment against *A.* as the agent, &c. of *B.* an absconding debtor, where the property in question consisted of certain promissory notes, given by the defendant to *C.*, which the plaintiff

*Hartford,*
November,
1817.

Beach
*v.*
Swift.

the 2d of *March* 1815, delivered to his son, *Titus Hall Beach,* as a part of his portion, and took from him a receipt as follows : " Received of *Benjamin Beach* obligations against *John Swift* of *Derby* to the amount of 600 dollars, which I, the said *Titus Hall Beach,* do agree to pay the lawful interest for, during the life of *Benjamin Beach;* if not called for at the death of *Benjamin Beach,* the principal and interest is to be *Titus Hall Beach's,* and the heirs, executors, or administrators of the said *Benjamin,* shall have no claims or demands, of whatsoever name or nature, for the same.

*Titus Hall Beach.*"

And the plaintiff proved, that this receipt was signed, as it purported to be, by *Titus Hall Beach ;* and that it was found among the other papers of *Benjamin Beach,* after his decease.   Accompanied by this testimony, the plaintiff offered the receipt in evidence, to shew that said notes were delivered by *Benjamin Beach* to *Titus Hall Beach,* and that they were the property of *Titus Hall Beach.*   To this the defendant objected ; but the court admitted it for the purpose stated.

The plaintiff further claimed, that *Titus Hall Beach,* on the 5th of *August,* 1815, applied to the defendant, and requested him to take up the original notes, payable to *Benjamin Beach,* and give new notes for the same amount, payable to *John Patterson ;* to which the defendant consented, and executed such new notes accordingly, and delivered them to *Titus Hall Beach.*   The plaintiff also claimed, that these last mentioned notes were the property of *Titus Hall Beach,* and that they were taken by him, payable to *Patterson,* for his own use and benefit, and not for *Patterson's.*   The defendant claimed, that *Patterson* was the owner of the notes, and that they had been assigned and delivered over to him, by *Titus Hall Beach,* for a debt due from the latter to the former, previous to the service of the foreign attachment ; and to prove the facts claimed by the defendant, in opposition to those claimed by the plaintiff, the defendant offered the deposition of *Ellen Beach,* wife of *Titus Hall Beach,* regularly taken.   It was agreed, that *Patterson* had instituted suits against the defendant on the notes payable to him, (*Patterson*) which were then pending.   The plaintiff objected to the deposition offered, on the ground that *Titus Hall Beach* was interested to defeat a recovery, as he lived in another state,

and would not be bound by the judgment against him in the plaintiff's favour, if the plaintiff should fail to recover in this suit; and further, that his interest would be advanced, by defeating a recovery, as he would thereby be relieved from his liability to indemnify *Patterson* for failing to recover on the notes which had been assigned to him. The defendant contended, that the deposition was admissible, on the ground that the interest of *Titus Hall Beach* was equally balanced, as in case of a recovery in the present suit, the debt due from him to the plaintiff would be paid, and that he would only be liable for the same amount to *Patterson*. The court decided, that the deposition was inadmissible.

A verdict being given for the plaintiff, the defendant moved for a new trial, on the ground of these decisions. The motion was reserved in the usual manner.

*Sherman* and *Hatch*, in support of the motion, contended, 1. That the receipt of *Titus Hall Beach* was inadmissible to charge the present defendant. It is *res inter alios acta*. It stands on the naked ground of a declaration of *Titus Hall Beach*, that he was assignee of the notes. It does not appear when this writing was made; how it came into existence; whether *Benjamin Beach* ever saw it; or, if he did, whether he accepted it, and assented to the assignment. The simple fact of its being a genuine instrument, found among the papers of *Benjamin Beach*, after his decease, can be no evidence of a transfer of property, so as to affect the rights of the present defendant.

2. The deposition of *Ellen Beach*, the wife of *Titus Hall Beach*, was admissible, he having no interest in the event of the suit, or if any, an interest in the plaintiff's favour, or a balanced interest. The only question of fact in issue was, whether the property attached was in *Patterson*, or in *Titus Hall Beach*. How would a decision of this question, one way or the other, affect the interest of *Titus Hall Beach?*

First, he can never be made liable to *Patterson*, whether the assignment to him were *bona fide*, or fraudulent. The title of the notes assigned was in *Titus Hall Beach*, at the time of the assignment; the notes were due; and there has been no unlawful interference of the assignor to prevent collection. He has done all that the assignment required him to do, and nothing inconsistent with it. Besides, the

notes assigned to *Patterson* were given up, and new notes taken, payable to *Patterson,* before the process by foreign attachment was instituted. Thus, all implied obligation on the part of *Titus Hall Beach* was extinguished.

Secondly, the interest of *Titus Hall Beach* was in the plaintiff's favour. The effect of a recovery would be to pay his debt with *Patterson's* money. In *Bland* v. *Ansley & al.* 2 *New Rep.* 331. the circumstances were similar, except that the witness was called by the other party ; and he was held not to be admissible. Had he been called to *support* the assignment in that case, he would, of course, have been admitted ; for a witness may testify *against* his interest. It is not easy to see how the force of this authority can be evaded. In *Salmon* v. *Seeley,* decided in *Fairfield* county, *December* term, 1816, it was determined, that the grantor of a deed impeached as fraudulent, was a competent witness to disprove the fraud, on a trial between the grantee and an execution creditor. A similar determination has been had in the state of *New-York,* in a case where the grantor was released from covenants. *Jackson* v. *Frost & al.* 6 *Johns. Rep.* 135. 138. In practice, how often is the vendor of personal property called to support the title of his vendee against one claiming under a sale on execution ? In point of principle, the case at bar does not differ from this. *Titus Hall Beach* assigned notes to *Patterson ;* an attaching creditor claims to impeach the assignment ; and the wife of the assignor is offered as a witness, by the assignee.

Thirdly, admitting the liability of *Titus Hall Beach* to *Patterson,* on the assignment, which would be removed if a recovery in this case were defeated ; yet that advantage would be balanced, in case of the plaintiff's recovery, by the extinguishment of an equal amount of *Titus Hall Beach's* debt to the plaintiff. The case of *Owen* v. *Mann,* 2 *Day's Ca.* 399. was cited on the trial, as establishing a principle on which the witness might be held incompetent. But this case, and one other, that of *Buckland* v. *Tankard,* 5 *Term Rep.* 578. went " on the ground of more or less difficulty in the witness in establishing his interest against one or other of the parties." 2 *East,* 461. In the present case, no such question arises. *Titus Hall Beach* is not turned round ; he must, at all events, pay a debt ; and it is perfectly indifferent to him, whether the plaintiff, or *Patterson* shall hold this

fund. Besides, the authority of both the cases referred to, is more than questionable, since the decision in *Ridley* v. *Taylor,* 13 *East* 175.

But it may be said, that *Titus Hall Beach* has an interest to the amount of the *costs* in the plaintiff's suit against him; for, by establishing *Patterson's* title, he will defeat the judgment in that case, and, of course, exonerate himself from the costs. This objection proceeds on an assumption altogether unwarranted. It has been more than once urged in cases precisely similar, and has been as often overruled. *Evans* v. *Williams,* 7 *Term Rep.* 481. n. *Ilderton* v. *Atkinson,* 7 *Term Rep.* 480. *Birt* v. *Kershaw,* 2 *East* 458. In the latter case, Lord *Ellenborough* advances the proposition, that where the witness offered stands indifferent as to the sum in dispute between the parties, his testimony is to be received. A vendor has always an interest, if this objection be valid, to defeat the levy of a creditor, and support the title of the vendee; for, by defeating the levy, he saves the cost; and, of course, he cannot be a witness for the vendee, though released.

*N. Smith* contra, contended, 1. That the writing given by *Titus Hall Beach* to *Benjamin Beach,* and found among the papers of the latter, after his decease, was proper evidence, being a part of the *res gesta.* The transaction to be proved was an assignment of certain notes to *Titus Hall Beach,* by which they became his property. These notes were delivered over upon *a contract.* Now, may not the plaintiff shew what that contract was; and what the parties to the assignment did? This is too clear to require, or admit of, argument; but if it were otherwise, still it would furnish no ground for a new trial, because both parties claimed that the property vested in *Titus Hall Beach* by the assignment; and it is immaterial what evidence was received to establish an admitted fact.

2. *Titus Hall Beach* had an interest in the event of the suit: the deposition of his wife, therefore, was properly rejected. This deposition was offered by the defendant, to defeat a recovery in this suit. If he should succeed, the judgment obtained against *Titus Hall Beach,* the absconding debtor, would become a nullity, and not only would the claim

*Hartford,*
November,
1817.

Beach
*v.*
Swift.

against him cease to be a judgment debt, but he would be forever exonerated from the *costs* recovered in that action. Further, the judgment in this case, if the plaintiff succeeded, would establish a fact, which would be the basis of a recovery by *Patterson* against *Titus Hall Beach,* on the contract of indemnity implied by the assignment. [Some other considerations were urged on this point, which, from the ground taken by the court in their decision, it is unnecessary to state.]

SWIFT, Ch. J. The writing executed by *Titus Hall Beach* to *Benjamin Beach,* to which the defendant objected, conduced to prove, that the notes in question were the property of *Titus Hall Beach* ; and as this was the point in dispute, it was admissible evidence : for though not executed by any party to the record, yet it was executed by the absconding debtor, who, in a suit against the garnishee, stands on the footing of a party, in respect to the estate sought to be recovered.

It was insisted by the defendant, that *Ellen Beach,* the wife of the absconding debtor, was a competent witness. But her husband had a direct interest to defeat a recovery in the action ; for if this could have been done, then the judgment recovered by the plaintiff in the original action against him would have been rendered void ; for as it was obtained by process of foreign attachment, it could be valid only to pursue a remedy against the garnishee. If that had been defeated, then the plaintiff must have resorted to his original cause of action, and could not have recovered for the costs which had arisen on the foreign attachment. The husband, then, if the testimony of the wife had been admitted, would have avoided a judgment in force against him, and would always have been protected against a demand for that part of the judgment which was for costs in the foreign attachment, against any action whatever.

Further, if the issue had been decided in favour of the defendant, then *Titus Hall Beach* would have been protected against any claim from the defendant, or *Patterson,* on account of the sale, or of the assignment of the notes to him. Of course, he had a direct interest in the event of the suit ; and the court did right in rejecting the testimony of his wife.

TRUMBULL, EDMOND, SMITH, BRAINARD, BALDWIN, GODDARD and HOSMER, Js. were of the same opinion.

GOULD, J. The only material question is, whether the testimony of the wife of *Titus Hall Beach* ought to have been received, to prove, that the beneficial interest in the notes, executed by the defendant, to *Patterson,* was not in her husband. And this depends, solely, upon the question, whether he is interested in the event of the suit.

If the testimony offered, were to be admitted, and by satisfying the jury, that the interest is in *Patterson,* should defeat the suit; the consequence would be—supposing the interest to be actually in *Titus Hall Beach*—that he would avoid, not only the costs in this action, but those of the original suit against himself, (which are now converted into *debt,* by the original judgment;) and remain liable only to the *debt,* for which the plaintiff sued, in the first action. For, as the judgment, in both actions, is *in rem,* reaching only the effects of *Titus Hall Beach,* in the defendant's hands; neither the latter, nor even the former costs, can, in any way, be recovered against *Titus Hall Beach,* unless this action prevails. But if the interest in the notes is found to be in *Titus Hall Beach,* and a recovery consequently had, in the present action; the amount recovered will comprise, not only the original debt, due to the plaintiff, but the costs included in the original judgment, (which, in this action, constitute part of the *debt,*) and also the costs of the present suit. The question, then, is, whether *Titus Hall Beach,* has not, in this view of the case, a preponderating interest, in defeating this action. Independently of all authority, I think, I should not hesitate, a moment, in saying, that he has. In general, a liability for costs only, is an interest in the event, which excludes the person liable, from testifying for the party, for whose costs he is responsible. Hence, a bondsman for prosecution, under our statute-law, cannot testify for the plaintiff, nor the bondsman upon an appeal for the appellant; and at common law, the guardian, or *prochein amy,* on record, of an infant plaintiff, is not a competent witness for the infant. 2 *Stra.* 1026. *Gilb. Ev.* 107. *Phill. Ev.* 46.

But the defendant's counsel have pressed the cases of *Evans* v. *Williams,* 7 *Term Rep.* 481. n. *Ilderton* v. *Atkin-*

son, *Id.* 480. and *Birt* v. *Kershaw*, 2 *East*, 458. in which it has been determined, that a person answerable, at all events, for the *sum in dispute*, is, in law, indifferent in point of interest, though he is interested, *quoad* the costs, on one side only. A particular examination of these cases is unnecessary. It is sufficient to say, that the present case is distinguishable from all of them, in point of precedent, at least : as the costs of the original action against *Titus Hall Beach*, being, by the first judgment converted into *debt*, for the purpose of the present suit ; the *sum in dispute*, to which he will be subjected, if the present action prevails, is greater than that, which the plaintiff can possibly claim against him, if this suit is defeated. *Titus Hall Beach* is, of course, interested to defeat the present suit, independently of any interest in the costs of it. We may, therefore, without disturbing either of the cases just cited, consider him as interested in the event, in favour of the defendant. And, as these cases have, in my judgment, gone to the utmost verge of the rule of competency ; I would not willingly extend them, beyond the precise point, which they decide.

New trial not to be granted.