*Hartford,*
June,
1820.

Griswold
*v.*
Butler.

—⚬✦⚬—

ENOS *against* TUTTLE.

In a process of foreign attachment, the declarations of the absconding debtor are not evidence for the plaintiff against the garnishee.

But the absconding debtor is a competent witness for the garnishee, to prove, that the effects in the hands of the garnishee are not the property of the absconding debtor, but belong to a stranger.

A new trial having been granted, pursuant to the decision *ante* 27. 30. this cause was again tried, at *Hartford, September* term, 1819, before *Brainard,* J.

To prove the fraudulent combination, claimed by the plaintiff, between *Green Bixby* and *Julius Bixby,* the plaintiff offered in evidence the admissions of *Green Bixby,* made at a time subsequent to the execution of the note in question, and the transfer of it to *Guernsey,* that it was given by the defendant for certain horses, which, in fact, belonged to him, *Green Bixby,* but was made payable to *Julius Bixby,* for the sole purpose of keeping the money secured by it from his, *Green Bixby's,* creditors ; and that *Julius Bixby* never had any interest in it. To the admission of this evidence the defendant objected ; but the judge admitted it.

The defendant then offered the deposition of *Green Bixby,* in support of his defence ; which, being objected to, by the plaintiff, was rejected.

The plaintiff obtained a verdict ; and the defendant moved for a new trial, on the ground, that the evidence offered by the plaintiff was improperly admitted, and that the deposition offered by the defendant was improperly rejected. The judge reserved the motion.

*T. S. Williams* and *W. W. Ellsworth,* in support of the motion, contended, 1. That the declarations of *Green Bixby*

*Hartford,*
*June,*
*1820.*

*Enos*
*v.*
*Tuttle.*

were not legal evidence for the plaintiff: First, because he was not a party to the record; and the declarations of a third person, made out of court, and not under oath, though against his interest, are mere *hearsay*, and cannot be received to affect the rights of the parties. *Clipsam* v. *O'Brien*, 1 *Esp. Rep.* 10. *Duckham* v. *Wallis*, 5 *Esp. Rep.* 251. *Beach* v. *Catlin*, 4 *Day* 292. Secondly, because the declarations in question were not against the interest of the person making them. The amount of the evidence was, that *Green Bixby*, after the sale of the horses to the defendant, and the execution and transfer of the note, declared, that the proper⬤as his, and not another man's. He might have had an interest in making this claim. It is, *prima facie*, a claim in his own favour; at any rate, not against his interest. Thirdly, because *Green Bixby* had an interest in favour of a recovery, by the party, who offered his declarations. He owed the plaintiff a debt. If the plaintiff recovers, that debt is paid; otherwise, it still remains. If these declarations are admissible, to support a recovery, a man, by claiming what does not belong to him, may get his debt discharged, with another man's property. Fourthly, these declarations were not admissible on the ground of their coming from a party to a fraudulent combination: For, in the first place, there is no evidence of such combination, except from the declarations in question; and in the next place, admitting the combination, the declarations of a person concerned in it would not be admissible against any one but himself, since he might be called as a witness, it being no objection to the competency of a witness that he is *particeps criminis*. Fifthly, these declarations were not admissible as being part of the *res gesta*: For, in the first place, they were made *subsequent* to the transaction; and, in the next place, if they had been cotemporaneous, they could not, from their nature, have constituted *a part* of it.

2. That the testimony of *Green Bixby*, offered by the defendant, ought to have been received. If he had any interest, it was to support a recovery by the plaintiff; and, of course, to defeat the defendant's defence: For, in the event of the plaintiff's recovery, his debt to the plaintiff would thereby become satisfied out of the effects in the defendant's hands. If those effects belonged to *Julius Bixby*, *Green Bixby* would get his own debt discharged with another's money; if they belonged to *Green Bixby* himself, he could lose nothing, by

the application of his own funds to the discharge of his own debt. It is equally true, that he could gain nothing, by defeating a recovery; for in that case, he would remain liable on his debt to the plaintiff.

*Trumbull* and *Goodrich*, contra, contended, 1. That the declarations of *Green Bixby* were admissible, as the acknowledgement of the party principally interested in the suit, against himself. The absconding debtor, in a suit against the garnishee, stands on the footing of a party, with respect to the property so ⬛ to be recovered. *Beach* v. *Swift*, 2 *Conn. Rep.* 274. It is sufficient, that the person, whose admissions are offered, is the party really interested in the suit, though not named on the record. *Phill. Ev.* 72.

2. That *Green Bixby* was not a competent witness for the defendant, having a direct interest to defeat this process. The effect of it, if it prevails, will be to take funds, which he has placed in the defendant's hands, and put them into the plaintiff's pocket. This, if there is nothing else in the case, is clearly against his interest. What is there to balance it? It is said, that if the plaintiff does not succeed here, he may sue *Green Bixby* on the original debt. But, in the first place, it is to be remembered, that there is no evidence of any debt due to the plaintiff from *Green Bixby*, except the judgment against him in this process; and if this process fails, that judgment, being merely *in rem*, fails with it. But secondly, admitting the existence of a debt; has a party no interest in preventing a judgment, which is to sweep from him his property, although a cause of action may still remain against him? Thirdly, admitting a debt to be a full equivalent for a judgment of the same amount, there will still be a balance of interest against the plaintiff's recovery, to the amount of the costs of the suit against the absconding debtor, and of the present suit. If *Green Bixby* can defeat this process, he will avoid those costs; otherwise, they must be paid out of his property. *Beach* v. *Swift*, 2 *Conn. Rep.* 275. That the costs of a suit, to which the person offered as a witness will be subjected in one event, and from which he will be exempted in another, is a sufficient interest to render him incompetent, is no longer an agitated question. *Barnwell* & al. v. *Mitchell*, ante 101. 105.

HOSMER, Ch. J.   The declarations of *Green Bixby*, made subsequent to the execution of the note in controversy, in reference to the transaction between him and the defendant, were, in behalf of the plaintiff, admitted in evidence.  The question is now made, whether this was admissible testimony.

The relation between the parties,  must constantly be borne in mind.   The plaintiff is endeavouring to avail himself of the right of *Green Bixby*, and, to use an expressive phrase, *stands in his shoes*.   It has been determined, that the admissions of the absconding debtor are good evidence in behalf of the garnishee, on the ground, " that the plaintiff stood in his right," and equally so, as if the action were in the absconding debtor's name.   *Dewit* v. *Baldwin*, 1 *Root*, 138. The reverse of this is now contended for ; that is, that the declarations of the absconding debtor are evidence for the plaintiff, who founds himself on the absconding debtor's right, and is endeavouring to obtain payment of his debt.   It is certain, that *Bixby* has an interest in the extinguishment of his own debts, and in the appropriation of the property of other persons, in exemption of his own, for this purpose.   His admissions, then, were in his own favour, to promote his personal interest ; and on no principle were admissible in evidence for the plaintiff.

It has been argued, that the declarations made by *Bixby*, were part of the *res gesta*, and, for this reason, competent testimony.   For this suggestion there is no manner of foundation.   To have become such, they must have been made at the time of the act done, which they are supposed to characterize ; and have been well calculated to unfold the nature and quality of the facts they were intended to explain, and so to harmonize with them as obviously to constitute one transaction.   Hence, they are said to be *part* of the *res gesta*. Now, the declarations of *Green Bixby*, were not made at the time the note was given by the defendant ; and instead of having a tendency to explain the transaction, they are calculated only to subvert and destroy.

The case of *Beach* v. *Swift*, 2 *Conn. Rep.* 269. has no bearing on the matter in question.   It merely decided, that it was competent to prove the absconding debtor to be the  assignee of the notes in controversy, and that a writing made by him, at the time they were received, accepted by the promissee, conduced to prove the point.   In this case, it is no part of the

plaintiff's object to prove an assignment of the defendant's note to *Green Bixby*; but to show, that the debt, from its origin, has ever been his.

As to the deposition of *Green Bixby*, offered in evidence by the defendant, it should have been admitted. The tendency of this evidence was to aid *Tuttle* in his defence, and to defeat the plaintiff's recovery. This was in direct opposition to the obvious interest of the witness; and if the defendant was willing to confide in him, the plaintiff could interpose no possible objection. A judgment in behalf of the defendant, would neither directly, nor consequentially, benefit *Bixby*; it would neither pay his debt to the plaintiff, nor assist him in maintaining a future demand for the avails of the note. But, had the *plaintiff* adduced him as a witness, he would have been interested to aid *him* in obtaining a judgment, which would have discharged his debt out of property in the defendant's hands. This is decisive. For it would be a palpable contradiction, to assert, that *Bixby* was repellable, on the ground of an identity of interest with the plaintiff, and, for the same reason, that he was inadmissible, if adduced by the defendant.

The repelling the deposition of *Ellen Beach*, in the before cited case of *Beach* v. *Swift*, is not in the least opposed to the present decision. From the particular circumstances existing in that case, her husband had an interest in the costs of a prior suit, which her testimony would have promoted.

CHAPMAN, BRAINARD and BRIRTOL, Js. were of the same opinion.

PETERS, J. I concur with the Chief Justice in rejecting the declarations of *Green Bixby*, but not in admitting his deposition. The latter point is so nearly allied to one decided in *Beach* v. *Swift*, 2 *Conn. Rep.* 269., that it may be said, "*mutato nomine, de te fabula narratur.*" As the authority of that case is admitted, I shall not attempt to vindicate it: indeed, an unanimous decision of the nine judges needs not my support. It remains, then, only to shew the similarity of the two cases. Both are against garnishees, who admit themselves indebted to third persons. Both plaintiffs claim these debts to have been transferred, by the absent debtors, fraudulently; and that the beneficial interest in the debts remains in

*Hartford,*
*June,*
*1820.*

Enos
*v.*
Tuttle.

*Hartford,*
*June,*
*1820.*

Enos
*v.*
Tuttle.

them. Both the defendants offer the depositions of the absent debtors to prove the transfers *bona fide ;* and that the beneficial interest in these debts is not in them. In both cases, the depositions are urged, and opposed, on the same ground, *viz.* an interest in the event of the suits in relation to the costs of the original actions. The only apparent difference between the cases, is, that in one we have the testimony of the *absent debtor ;* in the other, of *his wife.* "It was insisted by the defendant," say the court, "that *Ellen Beach,* the wife of the absconding debtor, was a competent witness ; but her husband had a direct interest to defeat a recovery in the action ; for, if this could have been done, then the judgment recovered by the plaintiff, in the original action against him, would have been rendered valid ; for, as it was obtained by process of foreign attachment, it could be valid only to pursue a remedy against the garnishee. If that had been defeated, then the plaintiff must have resorted to his original cause of action, and could not have recovered for the costs, which had arisen on the foreign attachment." And *Gould,* J. added, "if the testimony offered were to be admitted, and by satisfying the jury that the interest is in *Patterson,* (the assignee,) should defeat the suit, the consequence would be, supposing the interest to be actually in *Titus Hall Beach,* that he would avoid, not only the costs in this action, but those of the original suit against himself, and remain liable only to the debt for which the plaintiff sued in the first action. But if the interest in the notes is found to be in *Titus Hall Beach,* and a recovery consequently had, in the present action, the amount recovered will comprise not only the original debt due to the plaintiff, but the costs included in the original judgment, and also the costs of the present suit. The question, then, is, whether *Titus Hall Beach* has not, in this view of the case, a preponderating interest in defeating this action? Independently of all authority, I think, I should not hesitate a moment in saying that he has." With this precedent before us, so long as we profess to adhere to the maxim "*stare decisis,*" I cannot advise the superior court to admit the testimony of *Green Bixby.*

New trial to be granted.