## BILL *against* PORTER and another.

In an action to recover a claim against a partnership, one partner who is not sued, is an incompetent witness for those who are sued ; as by virtue of the judgment, the partnership effects may be taken in execution, *or if the judgment* is paid by the partners sued, they will be entitled to charge over the amount to the company.

In this state, it is a well settled rule, that an interest of a witness in the costs of a suit, where his interest in the debt demanded is equally balanced, will render him incompetent.

A general release, by one of two partners sued, of all claims against a third partner not sued, binds the releasor only, and consequently, does not extinguish the interest of such third partner, so as to render him a competent witness for the defendants.

The giving and receiving of a promissory negotiable note, for goods sold, in the absence of any agreement to accept it as payment, is not an extinguishment of the original cause of action.

And where there was no evidence of such agreement, except the facts, that

the note was given and received *for* the goods, and that the maker became utterly insolvent before the note came to maturity; it was held, that these facts did not prove payment, and the jury were properly directed to find accordingly.

Though it is a reasonable rule, that unless a party who has received a negotiable promissory note for goods sold, produces and cancels the note, at the trial, he shall not recover on the original cause of action; yet if the exception be not then taken, a failure to comply with this rule, is not a sufficient ground for a new trial.

THIS was an action of *assumpsit* against *Nehemiah Porter* and *John Porter*. The declaration consisted of several counts. The first was a general count for goods sold and delivered to the defendants. The second count stated, that the defendants and one *Daniel Burrows*, jun., since deceased, being manufacturers, carrying on business in the name of *Daniel Burrows*, jun., were indebted to the plaintiff for goods sold and delivered to the defendants. Another count alleged, that the defendants and one *Daniel Burrows*, jun., being manufacturers, carrying on business in the name of *Daniel Burrows*, jun., made their promissory note, the proper hand of the said *Daniel Burrows*, jun., their agent, being thereunto subscribed, by which said note the defendants and said *Daniel Burrows*, jun. promised, in said company name, to pay, in six months from the date of said note, to *John Fitch*, or order, the sum of 218 dollars, 53 cents, at the *Norwich Bank;* and then averred, in the usual form, the indorsement of such note to the plaintiff.

The cause was tried at *New-London*, *September* term, 1830, before *Daggett*, J.

On the trial, the plaintiff having offered testimony to prove, that the persons named in the declaration were partners in a woollen manufactory in *Hebron*, for whose use, as the plaintiff claimed, a quantity of wool was purchased; and witnesses having testified, that such persons had repeatedly said, that they were partners, jointly concerned in such purchase, that *Daniel Burrows*, jun. was their agent, and that Doct. *John S. Peters* was jointly interested therein and a partner with them; and the defendant *John Porter* having executed and delivered to said *Peters* a discharge from all demands; the defendants offered said *Peters* as a witness, to prove, that no such connexion or partnership as claimed by the plaintiff, ever existed. The plaintiff objected to the admission of his testimony; and the court rejected it.

The plaintiff did not claim to recover upon the count on a promissory note, but upon the count for goods sold and delivered ; and admitted, that the note was given for the wool, sold to and received by *Burrows* for the use of the defendants. The defendants offered evidence by which they claimed to have proved, that the plaintiff had accepted the note as payment for the wool ; and prayed the court to charge the jury, that it so operated.

It was admitted, that *Burrows* died utterly insolvent before the note became due ; and that his estate has been so represented.

The court charged the jury, that the note, under the circumstances, was not payment of the debt for the wool, or any part thereof ; and that if they should find, that the defendants and *Burrows* were jointly concerned in the wool, their verdict must be for the plaintiff ; otherwise, for the defendant. The jury gave a verdict for the plaintiff for the whole amount of the purchase price of the wool ; and the defendants moved for a new trial, on the ground that the witness offered by them was improperly rejected, and for a misdirection.

*Goddard* and *Rockwell*, in support of the motion, contended, 1. That Dr. *Peters* was a competent witness ; and his testimony ought not to have been rejected. In the first place, he was competent, aside from the discharge. It is clear, that the judgment cannot affect him *directly ;* as he is not a party to the suit. If he has an interest, it is because he will be bound to contribute one fourth part of the judgment. But assuming that he is a partner (and without such assumption the point cannot be raised) he is, in any event, liable to pay one fourth of the debt ; and a judgment against his copartners will not render him more liable. He being neither party nor privy to this suit, the record cannot be given in evidence against him, to shew either the existence or the amount of the debt, or for any other purpose. 1 *Stark. Ev.* 185. 191. *Ryer* v. *Atwater* & al. 4 *Day* 431. *Sturges* v. *Beach* & al. 1 *Conn. Rep.* 509. *Case* v. *Reeve* & al. 14 *Johns. Rep.* 79. *Wood* v. *Davis* & al. 7 *Cranch* 271. And it does not appear, that there is any partnership property, on which the execution in this suit can be levied.

But it may be said, that if the defendants are subjected in this action, Dr. *Peters* will be liable to contribute his proportion of

*New-London,*
*July, 1831.*

Bill
*v.*
Porter.

the costs. But, in the first place, the record in this case is no more admissible against the witness to prove the costs than the debt. Secondly, aside from this difficulty, the witness would not be liable for these costs, which he had no agency in creating. *Ward* v. *Haydon* & al. 2 *Esp. Rep.* 552. Thirdly, a liability for costs only, the interest of the witness being otherwise balanced, does not render him incompetent. *Ilderton* v. *Atkinson,* 7 *Term Rep.* 480. *Evans* v. *Williams,* 7 *Term Rep.* 481. *Birt* & al. v. *Kershaw,* 2 *East* 458.

But further ; if the witness is liable for his proportion of the costs of the present suit, and this liability is sufficient to render him incompetent, his competency is restored, by the release. *Young* v. *Bairner,* 1 *Esp. Rep.* 103. All claim resulting from his liability over, is thereby discharged. A release by one of two or more persons having a joint interest, is available against all. *Pierson* & al. v. *Hooker,* 3 *Johns. Rep.* 68. 70. *Bulkley* & al. v. *Dayton* & al. 14 *Johns. Rep.* 387.

2. That the charge to the jury was incorrect. In the first place, it appears from the motion that the note was given and received in payment of the wool. Secondly, it was, at any rate, given and received for the wool ; and the law considers a negotiable note, given and received for goods sold, *i. e.* on account of a precedent debt—as payment of such goods, or an extinguishment of such debt. *Whitbeck* v. *Van Ness,* 11 *Johns. Rep.* 409. *Thacher* & al. v. *Dinsmoor,* 5 *Mass. Rep.* 299. 302. *Maneely* v. *M'Gee* & al. 6 *Mass. Rep.* 143. *Kearslake* & al. v. *Morgan,* 5 *Term Rep.* 513. Thirdly, if in point of *fact,* this note was given and received in payment of the wool, as the plaintiff claimed, it ought, unquestionably, to have the effect of payment ; and this question of fact ought to have been submitted to the jury. Fourthly, aside from the question of payment, as a negotiable note was given for the wool, which is still outstanding—not having been produced at the trial or proved to have been destroyed—there can be no recovery on the counts for goods sold and delivered. *Dangerfield* v. *Wilby,* 4 *Esp. Rep.* 159. *Champion* v. *Terry,* 3 *Brod.* & *Bing.* 295. (7 *Serg.* & *Lowb.* 443.) *Davis* v. *Dodd,* 4 *Taun.* 602. 2 *Stark. Ev.* 227. 2 *Phill. Ev.* 10, 11 & n. *Holmes* & al. v. *De Camp,* 1 *Johns. Rep.* 34. *Angel* v. *Felton,* 8 *Johns. Rep.* 149. *Smith,* admr. v. *Lockwood,* 10 *Johns. Rep.* 366.

*Strong* and *Waite*, contra, contended,　1. That Dr. *Peters*, aside from the release, was an incompetent witness.　Should the plaintiff obtain an execution in this suit, it must be satisfied out of the partnership fund ; and if the witness is a partner, he is directly interested in preventing this result.　3 *Stark. Ev.* 1084.　If there be no such fund, and the partners sued are compelled to satisfy the judgment from their individual estate, the other partner will be liable to contribute ; and his liability for this purpose will be enhanced beyond his previous liability, by the amount of the costs in this suit.　That the interest of a witness in the costs, where it is otherwise balanced, is sufficient to render him incompetent, is, in this state at least, a well settled rule of law.　*Beach* v. *Swift*, 2 *Conn. Rep.* 269.　*Barnwell* v. *Mitchell*, 3 *Conn. Rep.* 101.

2. That the release was inoperative.　In the first place, this was a release by one partner only, in his individual capacity, and would bind him only.　Secondly, when the release was given, there was nothing for it to operate upon.　Neither the defendants nor *John Porter* had, at that time, any claim against the witness.

3. That the giving of the promissory note by *Burrows*, did not pay the debt ; and he having died insolvent before the note arrived at maturity, and it never having been paid, the plaintiff may sue on the original consideration.　*Puckford* v. *Maxwell*, 6 *Term Rep.* 52.　*Owenson* v. *Morse*, 7 *Term Rep.* 64. *Fry* v. *Hill*, 7 *Taun.* 396.　*Brown* & al. v. *Kewley* & al. 2 *Bos. & Pull.* 518.　*Williams* v. *Smith*, 2 *Barn. & Ald.* 496. *Tobey* v. *Barber*, 5 *Johns. Rep.* 68.　*Burdick* v. *Green*, 15 *Johns. Rep.* 247.

WILLIAMS, J.　The grounds relied upon, in support of the motion for a new trial, are, that the testimony offered by the defendants was improperly rejected, and that the charge was incorrect.

To determine the first question, we must take it as an admitted fact, that the witness was a partner ; a fact too often admitted, by these defendants, to be contradicted by *them ;*— for although their declarations cannot affect the interest of the witness ; yet as it respects the defendants, the court must regard them as true.

That point being conceded, the question is, whether one partner, who is not sued, can be a witness for those who are

New-London, July, 1831.

Bill
*v.*
Porter.

sued. It seems to me, that he is directly interested in the event of the suit. It is true, the judgment is not against him ; nor does execution issue against him ; but by virtue of that judgment, the partnership effects may be taken in execution, in the same manner as if all the partners had been made defendants. All the partners must have the same interest in averting this event. Besides, if the debt is paid by the partners who were sued, they will have a right to charge over to the concern both the debt and costs of suit, as an expence to be borne by the firm. Of course, it lays a foundation for a charge against him, when paid by the other partners, in the same manner as if he had been a party to the suit. *Hudson* v. *Robinson*, 4 *Mau. & Selw.* 485.

In *Young* v. *Bairner*, 1 *Esp. Rep.* 103. where a suit was brought for painting a ship, and one *Whytock*, who was a part owner, was offered as a witness, by the defendant, to prove that fact, Lord *Kenyon* held, that he could not be admitted to defeat the action, although he thereby subjected himself ; for he was bound to contribute. And in *Goodacre* v. *Breame*, *Peake's Ca.* 174. where the plaintiff had proved, that the defendant and his brother *William* were partners, the same judge held, that the defendant could not call *William* to prove, that the goods were sold to him ; " for he comes to defeat the action of the plaintiff against a man who is proved to be his partner ; and by discharging the present defendant, he benefits himself, as he will be liable to pay a share of the costs to be recovered, by the plaintiff, in this cause." 3 *Stark. Ev.* 1084. These are but *Nisi Prius* decisions. They are, however, the opinions of a respectable judge, at different periods of time, and seem to be founded on principle.

It is said, however, that these are contradicted in *Sturges* v. *Beach* & al. 1 *Conn. Rep.* 507. It was there held, that a judgment by *Sturges* against *Beach* as surviving partner of the firm of *Norton & Bush*, was not evidence of the existence of the debt so as to charge the executor of the deceased partner in a suit brought by *Sturges* against the executor of the deceased. But the court did not decide, that if the surviving partner had paid that judgment, and claimed the benefit of such payment against the estate of *Norton*, this judgment would not have been evidence tending to justify a payment made by him under it. That argument was urged by counsel ; and certainly, it is not contradicted, by the court ; on the

contrary, they say the judgment against *Bush* is proper evi-
dence to prove the *fact*, that a recovery was had against him.

If a judgment can be given in evidence, by these defendants, for any purpose, he must be interested in the event. So in actions by the master, for the trespass of his servant, a recovery against the master for that trespass may be given in evidence to shew the amount recovered, though not to prove the injury. *Green* v. *The New River Company*, 4 *Term Rep.* 589.

It is said, that the interest of the witness is balanced. But if these defendants avoid this debt, upon the ground that they were not partners with *Burrows*, and that it was the debt of *Burrows*, or that the company never had the wool, it is difficult to see how the witness is ever to be liable for it, as a partner; and if such is the effect, he must, if a partner, not only be interested, but deeply interested. Besides, he is interested in the costs; and whatever may be considered as the rule in *Great-Britain*, on this subject, it is impossible for me to see why costs do not form as important an item of pecuniary interest as the same amount in debt or damages. In this state, it is a well settled rule, that an interest in costs will exclude a witness. *Beach* v. *Swift* 2 *Conn. Rep.* 269. 274. *Barnwell* & al. v. *Mitchell*, 3 *Conn. Rep.* 101. 105, 6.

It is said, that in *Ward* v. *Haydon* & al. 2 *Esp. Rep.* 552. Lord *Kenyon* permitted a co-defendant in an action of trover, who was defaulted, to be a witness. But he proceeded on the ground that he could have no interest in the event, not being liable for costs. That decision, if not overruled, has been received with great hesitation, both in *England* and in *New-York*. *Chapman* v. *Graves* & al. 2 *Campb.* 333. n. *Bohun* v. *Taylor* & al. 6 *Cowen* 313. 315. To make it applicable to this case, it must be shewn, that a dormant partner is not chargeable with the costs of defending suits against the ostensible partner.

But it is said, that the witness was released, and thus he became admissible. And it is certainly true, that one part-owner may release his claim upon another part-owner, so that the latter may be a witness for the former for labour on the common property. *Young* v. *Bairner*, 1 *Esp. Rep.* 103. So one partner may release a partnership debt; as in *Bulkley* & al. v. *Dayton* & al. 14 *Johns. Rep.* 387. But no case has been cited to show,

that a release by one partner of another partner, will bar the right of a third. In the former case of the partner, it is according to the common course of business, that one partner should receive and discharge the debts due to the concern ; but not so the settlement or allowances of the accounts of the one partner against the firm. It is not according to the course of business, nor is it necessary for the ordinary business of a partnership, that one of the partners should have such a power. It would be an unnecessary and a dangerous power ; and has the sanction of neither practice nor authority. Here, one of several partners, without any consideration, or a mere nominal one, undertakes to discharge another partner, not from any existing debt, but a liability which may arise upon a certain contingency. This may bind the releaser, but no one else. It may operate as a contract, upon the part of the releaser, that the company shall not call upon him ; but it amounts to nothing more than an executory agreement, on the part of *Porter*, to indemnify the witness against any demands for contribution on the part of the concern, but cannot affect the interest of those partners who are not parties to it. The release, therefore, did not restore the competency of the witness.

An objection is also made to the charge of the court. The plaintiff, at the time he delivered his wool, received a note, signed by the name of *Daniel Burrows*, jun., which, it is alleged, was the name of the firm. This note was negotiable ; and *Burrows* himself died, soon afterwards, an utter bankrupt. Upon these facts, the defendants claim, that the original debt was extinguished ; or at least, that that question should have been left to the jury. On the trial, the defendants requested the court to charge the jury, that the note was accepted, and operated as payment of the debt. In answer to this request, the court expressed to the jury its opinion, that it was not payment under the circumstances of this case.

As a general rule, one simple contract does not merge or extinguish another. " It is clear, that a subsisting simple contract is not discharged or extinguished, by the acceptance of another simple contract, given by the same party, for the same consideration." *Johnson* v. *Johnson*, 11 *Mass. Rep.* 359. 361. Thus, a check at two months given for goods sold, was held to be no payment, it never having been accepted. *Brown* & al. v. *Kewley* & al. 2. *Bos. & Pull.* 518. 524. *Stedman* v. *Gooch*, 1 *Esp. Rep.* 5. And an account stated, or a promisso-

New-London,
July, 1831.

Bill
v.
Porter.

ry note, is no bar to an action upon a simple contract. *Rhodes* v. *Barnes*, 1 *Burr*. 9. S. C. by the name of *Rolls* v. *Barnes*, 1 *Bla. Rep.* 65. And Lord *Kenyon*, in *Owenson* v. *Morse*, 7 *Term Rep.* 64. 66. says, that if the defendant had agreed to take the note in payment, and run the risk of its being paid, *that* would have been considered as payment; but without such agreement, the giving of such note is not payment. And in *Sheehy* v. *Mandeville*, 6 *Cranch* 253. 264. Ch. J. *Marshall* says, it is not denied, that a note, without a special contract, would not, of itself, discharge the original cause of action; and then goes on to show, that it is otherwise, by agreement of the parties.

It is true, that in *Massachusetts*, a negotiable note has been held to extinguish a simple contract; but this distinction is treated, by the courts in that state, as a departure from the common law. *Maneely* v. *McGee* & al. 6 *Mass. Rep.* 143. *Johnson* v. *Johnson*, 11 *Mass. Rep.* 359.

In *New-York*, it is said to be an extinguishment *sub modo;* and their courts hold, that unless the plaintiff produces and cancels the note, he shall not recover on the original cause of action. *Holmes* v. *De Camp*, 1 *Johns. Rep.* 34. *Burdick* v. *Green*, 15 *Johns. Rep.* 247. This seems to be a reasonable rule; and had it been objected, at the trial, that the note was not produced, I think it would have been proper to have said to the jury, that as the note was not produced, and might be outstanding in the hands of a *bona fide* holder, they had a fair right and ought to presume, that it was received in payment. But as this formed no part of the objection to the plaintiff's claim in the court below, which the plaintiff might then have obviated, if it had been then made, and as it is shewn, that *Burrows* died utterly insolvent, I do not think, that this ought to be considered a sufficient ground for a new trial.

Upon the question whether it should have been submitted to the jury, there seem to have been no facts, on which to found a claim to the jury, that the note was received in payment, other than the fact that it was received for the wool, and that *Burrows* was insolvent. The question therefore was, whether in point of law, these facts could of themselves prove payment; and the court was called upon to express its opinion upon facts, which seemed to be admitted. Of course, the defendants have no reason to complain, unless they can show that opinion to have been incorrect. Having failed in that,

New-London, and in proving that the witness was admissible, they are not
July, 1831. entitled to a new trial.

Bill
v.
Porter.

The other Judges were of the same opinion.

New trial not to be granted.