———

BARBER *against* The President, Directors and Company of the HARTFORD BANK:

### IN ERROR.

| | |
|---|---|
| 9 | 407 |
| 71 | 705 |

Partnership property cannot be taken or applied, by process of foreign attachment, for the satisfaction of the separate debt of individual partners, to a greater amount than the interest of those partners in the partnership, after the payment of all the partnership debts.

Where *A.*, *B.* and *C.* were partners; and after the death of *A.*, *B.* and *C.* recovered a judgment against *D.* founded on a partnership transaction; *E.*, a creditor of *B.* and *C.*, then brought foreign attachment to recover the debt of *D.*, and introduced the judgment against him to prove his indebtedness to *B.* and *C.*; it was held, that the representatives of *A.* were not precluded, by such judgment, from shewing that *B.* and *C.* were debtors to the partnership and had no interest in the debt against *D.*, but that it belonged to *A.* alone.

THIS was a *scire-facias* in a process of foreign attachment, in favour of *The President, Directors and Company of the Hartford Bank* against *Bulkley P. Barber*, founded upon a judgment against *Walter E. Heyer* and *Jacob Burdett*, late merchants in company under the firm of *Heyer & Burdett*, in which they were described as absent and absconding debtors, and *Barber* was cited as their debtor.

The heirs and legal representatives of *Garrit Heyer*, claiming to be the owners of the debt due from *Barber*, appeared and pleaded, that *Barber* was not the debtor of *Heyer* and *Burdett*, as claimed by the plaintiffs, in their declaration; on which issue was joined.

The cause was tried, on this issue, at *Hartford, September* term, 1832, before *Hosmer*, Ch. J.

The plaintiffs introduced a judgment of the superior court, in favour of *Heyer* and *Burdett* against *Barber*, for the sum of 947 dollars, 99 cents, damages, and 33 dollars, 69 cents, costs, as evidence, and conclusive evidence, that *Barber* was

then the debtor of *Heyer* and *Burdett* to that amount. To counteract this evidence and to support their plea, the representatives of *Garrit Heyer* proposed to give in evidence four drafts, which they offered to shew were drawn by *Barber* on his own account, on the house of *Heyers, Brimner & Burdett,* consisting of *Garrit Heyer, Walter E. Heyer* and *Jacob Burdett ;* that they were accepted by that company, and were the foundation of said judgment. They also offered the testimony of sundry witnesses tending to prove, that *Garrit Heyer* died, after the drafts were accepted and before they were paid ; that *Walter E. Heyer* and *Burdett* continued the business of the company, and paid the drafts out of the property of *Heyers, Brimner & Burdett ;* that *Garrit Heyer,* at the time of the acceptances, and afterwards down to the time of his death, was the real owner of all the property held by the company, *Walter E. Heyer* and *Burdett* being both largely indebted to the company, having drawn out more property than they were entitled to ; and that when the judgment was rendered against them, they were not the owners of the debt against *Barber,* except merely as surviving partners. They also offered proper evidence to shew, that they had obtained from the court of chancery in the state of *New-York* an injunction against *Walter E. Heyer* and *Burdett,* enjoining them against collecting, receiving or using any of the property or effects of the company of *Heyers, Brimner & Burdett,* and that such injunction remained in force. This evidence being objected to, by the plaintiffs, the judge refused to receive it, on the ground that the judgment was conclusive upon all persons of the indebtedness of *Barber* to *Heyer* and *Burdett,* and the evidence, if admitted, would attack the judgment.

The plaintiffs obtained a verdict ; and the defendant, in behalf of the representatives of *Garrit Heyer,* having filed a bill of exceptions, brought the case before this Court, by writ of error.

*W. W. Ellsworth,* for the plaintiff in error, contended, 1. That the enquiry who is the *equitable* owner of the debt due from the garnishee, is a proper one, in the process of foreign attachment ; this being substantially a bill in chancery. *Lynden* v. *Gorham* & al. 1 *Gallis.* 367. 370. *Willard* v. *Stur-*

*tevant* & al. 7 *Pick.* 194. 196. & seq. *Winch* v. *Keeley*, 1 *Term Rep.* 619. 622.

2. That a partnership debt cannot be attached or appropriated, by one partner, to pay his own debt. *Church* & al. v. *Knox* & al. 2 *Conn. Rep.* 514. 516. *Canfield* v. *Hard* & al. 6 *Conn. Rep.* 180. 184. *Brewster* & al. v. *Hammet* & al. 4 *Conn. Rep.* 540. 542. *Lyndon* v. *Gorham* & al. 1 *Gallis.* 367. 370.

3. That on the facts claimed, *W. E. Heyer* and *Burdett* are *trustees* only, and cannot, by judgment or otherwise, appropriate the effects of the house of *Heyers, Brimner & Co.* To do it would be fraud. 1 *Gallis.* 370. 6 *Conn. Rep.* 184.

4. That the effect of the evidence offered was not to attack the judgment, but merely to shew *whose it was.* In the case of an assignment by act of the party, this may be done. Why not in the case of a *trust?*—We do not deny the existence of the judgment or impeach its validity. The debt could be recovered only in the names of the surviving partners. We only claim, that the judgment thus rightly obtained, *belongs to us.*

*Hungerford* and *F. Parsons,* for the defendants in error, insisted, That the judgment in question was conclusive evidence, not only of the *right*, but of the *fact* which it decided, *viz.* the indebtedness of *Barber* to *Heyer* and *Burdett,* and that the evidence offered by the opposing party, went to overturn such right and to disprove such fact. The avowed object of this evidence was to " *counteract*" the record evidence. 6 *Mass. Rep.* 286. 3 *Stark. Ev.* 1069.

DAGGETT, Ch. J. The rejection of the evidence presents the question now to be considered and decided.

It will be recollected, that we are upon a question whether equity demands, that the money due from *Barber* should go to pay the debt of *Heyer* and *Burdett* to the *Hartford Bank,* or should belong to the heirs of *Garrit Heyer?* Is there any insurmountable objection to directing, that this debt should belong to the heirs of *Garrit Heyer?*

In the construction of our statute respecting foreign attachments, the decisions have always been, that debts *bona fide* assigned should go to the assignees. Had *Walter E.*

Hartford,
June, 1833.

Barber
v.
Hartford
Bank.

*Heyer* and *Jacob Burdett* held a bond, in their own names, against *E. P. Barber*, and had they assigned that bond to the heirs of *Garrit Heyer*, could it have been afterwards collected by them, or could the heirs have had a right to recover the amount of it, using the names of the obligees? As to this question, since the case of *Winch* v. *Keeley*, 1 *Term Rep.* 619. there can be no doubt.

But by no rule of law can the partnership property be taken or applied for the satisfaction of the separate debt of any one of the partners, to a greater amount than his interest in the partnership, after the payment of all the partnership debts. *Lyndon* v. *Gorham* & al. 1 *Gallis.* 367. *Fisk* & al. v. *Herick* & al. 6 *Mass. Rep.* 271. *Fox* & al. v. *Hanbury* & al. *Cowp.* 445. *Church* & al. v. *Knox* & al. 2 *Conn. Rep.* 514. *Brewster* & al. v. *Hammet* & al. 4 *Conn. Rep.* 540.

This leads to an inquiry, what interest had *Walter E. Heyer* and *Jacob Burdett* in this debt against *Barber*, or in the copartnership property of *Heyers, Brimner & Burdett?* The answer must be, that if the evidence which was offered had been received, it might have shewn, that they had none at all; for this, as the bill of exceptions finds, was its tendency.

But it is said, that the judgment stands in the way; for that it appears, that *Barber* owed *Walter E. Heyer* and *Jacob Burdett*, and not *Heyers, Brimner & Burdett*. But is there any thing more sacred, in this respect, in a judgment, than in a bond? It was decided in *Massachusetts*, that where it appeared, by the answer of the defendant in a trustee process, that part of the bond belonged to others than himself, though nothing of the kind appeared on the face of the bond, that he should not be charged for such part. *Willard* v. *Sturtevant* & al. 7 *Pick.* 194.

But how is this judgment conclusive on these heirs? Neither they, nor the legal representatives of *Garrit Heyer*, are parties to it. The plaintiffs in it did not even style themselves *surviving partners;* and had they so described themselves, it would not have concluded these defendants. *Sturges* v. *Beach* & al. 1 *Conn. Rep.* 507.

This case, in its aspect on the heirs of *Garrit Heyer*, presents such an inequitable demand, that it cannot be sustained. It presents a claim to enforce a judgment against *Barber* for a

Hartford,
July, 1832.

Barber
v.
Hartford
Bank.

debt due to *Walter E. Heyer* and *Jacob Burdett*, when it is very apparent, that had the evidence offered been admitted, he did not owe them a cent, but the whole amount is due to the representatives of their deceased partner. I am, therefore, glad, that there is no insuperable objection to doing justice in the cause, and to giving a direction to the debt to be paid where it is equitably due.

The judgment must, therefore, be reversed.

PETERS, BISSELL and CHURCH, Js. were of the same opinion.

WILLIAMS, J. gave no opinion, being a stockholder of the *Hartford Bank*.

Judgment reversed.