ALBANY,
August, 1806.

Wilson
v.
Marsh.

## Wilson *against* Marsh.

THE declaration in this cause contained two counts. The first count stated, that whereas, on the 31st *August*, 1805, at, &c. a certain communication and conversation, was had and moved between the plaintiff and defendant, of and concerning certain four obligations or bills for the payment of wheat, (which are set forth in the declaration,) and thereupon the defendant offered to sell and transfer the said obligations or bills to the plaintiff, and to induce the plaintiff to purchase the same, did affirm to him, that the said obligations were good and collectable, and that the obligor was good and sufficiently able to pay, and would pay the same according to the tenor and effect thereof, to which affirmation the said defendant gave credit, &c. at the special instance of, the defendant bought the same, &c. and paid to him a large sum of money, &c. upon all which obligations, an assignment in writing was indorsed and executed by the defendant to the plaintiff, and to induce the plaintiff to accept the same, the said defendant did

A count on *deceit* in a sale cannot be joined with a *money* count ; being *tort* and *assumpsit,* they require different pleas. Where the contract of sale is reduced to writing, you cannot maintain an action on an implied warranty, but only for a *deceit.* See *ante,* p. 414.

ALBANY,
August, 1806.

Wilson
v.
Marsh.

then and there falsely and wickedly allege and represent, that the said obligations, and the assignments thereon, were good and sufficient, &c. Nevertheless, the said defendant, his affirmation, promise and assumpsit aforesaid, not regarding, &c. hath not performed, &c. and the plaintiff *avers* that the defendant, at the time, &c. *well knew*, that the obligor, &c. was unable to pay and satisfy, &c. The *second count* was for money had and received by the defendant to the use of the plaintiff. To this declaration there was a *demurrer* and *joinder*.

*Emott*, in support of the demurrer, contended that the counts in the declaration could not be joined. The first count was on the *deceit* in the sale, for there was no *assumpsit* laid. Being therefore in *tort*, it required a plea of *not guilty*, while the second count required a plea of *non-assumpsit*. Here he was stopped by the court, who desired to hear the other side.

*Gold*, contra. This mode of declaring is certainly anomalous; but it has been allowed. The count is on an *implied warranty* in the sale, not on the deceit. An affirmation or representation, amounts to an implied warranty in law, for which *assumpsit* has of late years been allowed to be a proper mode of declaring; if so, the money count may be joined; and the general plea of non-assumpsit is sufficient. (2 *East*, 314. *Douglas*, 18. 3 *Term*, 57.)

LIVINGSTON, J. Here is a written assignment. You cannot recover on a *parol* affirmation made at the time, on the ground of warranty. You must go for the *deceit*.[*]

THOMPSON, J. All the cases of an affirmation's being an implied warranty, relate to the *title* only, not to the *quality* of the thing sold.

*Per Curiam.* The first count charges that the defendant made a *false* affirmation *scienter*, and is clearly in *deceit*, and not on any warranty. It states further, that there was a written assignment which contains no warranty. The plaintiff therefore, could maintain an action only for the *deceit*. The first count requires a plea of *not guilty*,

* *Ante, p.* 414.
*Mumford and others* v. *McPherson and others.*

and the *second, non-assumpsit.* Two causes of action, as *tort* and *assumpsit,* which require different pleas, cannot be joined. The demurrer is well taken, and the defendant is entitled to judgment; but the plaintiff has leave to amend his declaration on payment of costs.

Judgment for defendant.