## Curson *against* Monteiro.

NEW-YORK,
May, 1807.

Curson
v.
Montiero.

THIS was an action of *assumpsit* for money, the payment of which, by one *Bonaventure Sire*, had been guaranteed by the defendant. The cause was tried at the New-*York* Sittings, the 12th *December*, 1806, before Mr. Justice *Livingston*, when a verdict was taken, by consent, for the plaintiffs, for 11,973 dollars, subject to the opinion of the court, on the following case.

On the 10th of *December*, 1800, the defendant wrote to the plaintiff that he would guarantee the payment of the premiums which the plaintiff might become accountable for in behalf of *Bonaventure Sire*, in respect to insurances on his ship *Maria*, on a certain voyage. The plaintiff accordingly caused insurance to be effected at *Baltimore*, for the voyage, on account of *Bonaventure Sire*, and paid the premiums. *Sire* afterwards became insolvent, and the defendant, in his correspondence with the plaintiff, acknowledged that he had made himself responsible. On the 23d *November*, 1802, an agreement was entered into by deed, between the plaintiff and defendant, by which the defendant admitted that he was indebted to the plaintiff in 9,259 dollars 25 cents, for his responsibility for *Sire*, and assigned and transferred to the plaintiff, in discharge of the said debt, the whole of what the defendant was entitled to receive of the proceeds of a certain schooner called the *Resolution*, and the plaintiff was to have and receive the same in payment. But the defendant was, nevertheless, obliged at any time within six months thereafter, to offer other terms of settlement and payment of the said debt, in lieu of the said assignment, to be made in writing and delivered; and if the plaintiff should not within fifteen days thereafter, elect

C and M entered into an agreement by which M admitted that he was responsible for 9,259 dollars on account of S, and assigned certain property in payment; but M was nevertheless to offer other terms of payment in six months, which C was to elect to receive or not, in fifteen days thereafter. At the expiration of six months, M offered his own note for 1,000 dollars, payable in four years. C did not make his election, but sent the assignment back to M, who refused to receive it. C afterwards brought an action of assumpsit for the money for which M had become responsible. It was held that by the agreement, that the words

ment the assignment was an extinguishment of the original contract; that the offer of other terms, did not import a condition, but constituted a separate covenant; and that M having made an offer of other terms within the stipulated time, and no election being made by C, M was not liable on the covenant.

to receive the offer of such other terms so to be made, and give notice of such election, and return the assignment to the defendant with the moneys received thereon, it was then to be deemed an absolute election to keep the assignment, as a full, absolute, and complete payment and discharge of all demands of the plaintiff against the defendant; and the defendant, in *such case*, was *released* from all demands, &c.

On the 20th *May*, 1803, the defendant wrote to the plaintiff, and made the offer of other terms of settlement ; viz. his own note for 1,000 dollars, payable in four years, in full satisfaction of the debt. On the 25th of *June*, 1803, the plaintiff requested some further time to make his election, and the defendant gave him twenty-one days from that time, to return or accept the agreement.

On the 13th *July*, 1803, the plaintiff sent the assignment of the 23d *November*, 1802, to the defendant, informing him that he had no objection to hold it as a collateral security, but not as a release from all *further* demands; and on the 18th of *July* the defendant returned it, saying, that as the plaintiff had not given him notice of any election, he returned the assignment to him as being his property, and that he considered himself as completely released.

Upon this case it was agreed by the counsel, that if the court should be of opinion that the plaintiff was entitled to recover in this form of action, judgment was to be entered upon the verdict, but that if the plaintiff cannot recover in any form of action, judgment was to be given for the defendant ; and that if the plaintiff may recover upon the deed, though not in the present form of action, then a judgment of nonsuit was to be entered.

This cause was argued at the last term by *Harison* for the plaintiff, and *Pendleton* and *Hoffman* for the defendant.

*Harison.* By the agreement, the defendant was oblig-
ed, within six months, to offer other terms of settlement,
by which the plaintiff was to be secured. Now this was
a condition precedent, and until it was performed, the
agreement could not be absolute and conclusive between
the parties. [*]This was not intended as a mere illuso-
ry agreement, but as something substantial and benefi-
cial. The offer to pay 1,000 dollars in four years, could
never have been deemed a performance of the condition.
The object of the agreement was to obtain a valuable and
*bona fide* security, otherwise it was not to be binding.
The offer of the defendant was a mere evasion of the
condition. It may perhaps be contended, that as the
debt was acknowledged by writing under seal, that the
simple contract is merged in the deed. Here the deed
intended as a security was not given by the party him-
self, but by a stranger. But a mere agreement to give
a security does not destroy the original contract. Where
a party, having a simple contract, agreed to take a bond
with sureties, which was not delivered, and the defendant
pleaded that the bond was executed and ready to be de-
livered, the court permitted the plaintiff to enter up judg-
ment on the simple contract, on condition of releasing the
bond.* The agreement in the present case, was not in- * *The counsel*
tended to be binding at all events, so as to put an end to *did not cite*
the original contract; but was made to depend on the *any case for this.*
performance of a certain condition, and the agreement
having been returned, the plaintiff has a right to resort
to the original contract.

*Pendleton* and *Hoffman,* contra. By the terms of the
agreement, the plaintiff clearly accepted the assignment,
in full discharge of the original debt. There is a perfect
accord and satisfaction. A promise to pay a less sum,
it is true, is no satisfaction; but where there is an actual
acceptance of the agreement, it is a complete satisfac-

† *Heathcote* v.
*Crookshanks,*
2 *Term,* 27.
*Drake* v.
*Mitchel,* 3
*East,* 251.
‡ *Adams* v.
*Tappell,* 4
*Mod.* 88.
[*311]
§ *Fitch* v. *Sut-
ton,* 5 *East,*
230. *Drew* v.
*Thorn, Al-
leyn,* 72.

tion.†  Though a less sum cannot be a satisfaction of a greater,‡ yet if a less sum be accepted, and the obligee execute a release under seal, it is an extinguishment of the debt.§

But it is said that the agreement contains a condition to be performed by the defendant. The defendant undertakes to do a certain thing in a certain time. There are no words used which import a condition. It is a simple, independent covenant contained in the same deed, the nonperformance of which does not destroy the agreement; [*]but merely renders the party liable to an action. The covenant was for the benefit of the plaintiff; if the defendant had not offered other terms of payment within six months, he could not have called on the plaintiff to account for the assignment, on the ground that the agreement was void. The action of *assumpsit,* will not lie. The proper remedy of the plaintiff, is for a breach of the covenant. The offer was certainly within the terms of the agreement. There is no evidence of any fraud; nor does it appear but that the defendant offered all that was in his power to do. He was to make such offer as he thought proper, and it was intended to create an option in favour of the plaintiff, to accept or refuse the offer. As the plaintiff made no election, the agreement became final and conclusive between the parties.

*Harison,* in reply. The agreement admits that the defendant was responsible for 9,259 dollars 25 cents, and that the assignment was in payment; but the word *nevertheless,* which follows, imports a condition. It is an agreement to accept a satisfaction upon condition that the defendant offer another satisfaction within six months; and this offer was to be something which would be either a payment, or security for the debt.—An offer of ten dollars, or a thousand, could not have been regarded as a compliance with the condition.

THOMPSON, J.   This action of *assumpsit* being found-
ed upon the original undertaking of the defendant, the
principal question in the case is, whether that contract
was not extinguished by the agreement of the 23d of
*November,* 1802.   This agreement was by *deed;* and,
taking it together, must, I think, be considered as an ex-
tinguishment of the simple contract.   The assignment
of the proceeds of the schooner *Resolution* is declared by
the parties to be in discharge of the prior demand, and
it is accepted accordingly.   It was considered as terms
of settlement and payment, for the agreement provides
that the defendant shall, within six months, offer *other*
*terms* of settlement, and if the plaintiff did not accept of
them, he was bound by the assigment, [*]as an absolute
discharge and release to the defendant.   The case of
*Knight* v. *Cox,* which is cited in *Fitch* v. *Sutton,* (5 *East,*
231.) shows that a release will operate, though it be ac-
companied with a new promise, and the party will be put
to his remedy on such new undertaking.

If the defendant, within the time prescribed, did, ac-
cording to the covenant, offer other terms to the plain-
tiff, and the plaintiff did not accept of them, there can
be no doubt that he is concluded by the assignment; the
original contract is released and gone.   Whether such
offer was made, would more properly arise in a suit on
the covenant, because, admitting it not to have been made,
there is still no ground for the present suit.   The simple
contract was absolutely extinguished, and the assign-
ment was not made and accepted upon *condition* to be
void, if the defendant did not make the offer.   That is
not the language of the agreement.   The plaintiff was at
all events to hold the assignment, unless surrendered at
his own election, and he could only hold it upon the terms
upon which it was accepted, which were in discharge of
the prior debt.

VOL. II.,

[* 312]

The only remedy, if any, which the plaintiff has, is for a breach of covenant by the defendant, in not making the offer; and whether the offer actually made, was or was not a performance of the covenant, is another question, which the parties have chosen to submit to the court in this action. Upon this point I am also with the defendant.—He was, within six months, to offer for the consideration of the plaintiff, other *terms of settlement and payment;* and the plaintiff had fifteen days to elect whether he would receive them in lieu of the assignment. To say that an offer of less than the whole amount of the debt could not be made, is construing the covenant too strictly. The terms of settlement to be offered were not specified, or defined in the agreement, and it is impossible for the court to say what specific terms were intended. It is clear the parties had not defined or understood them. They were to be left in the first instance to the discretion of the defendant, and the plaintiff had a given

[* 313]

time [*]to consider them.—They must of course have been terms undefined and uncertain in the contemplation of the parties. All that we can require, is, that the defendant should, *bona fide,* make an offer of terms valuable and certain, and not an offer of terms absurd and frivolous, for that would be in fraud of the covenant; and it cannot, I think, be denied that the terms offered were of the former description. They were treated as such by the plaintiff, for time was asked to deliberate whether or not to accept them. By the agreement the defendant was discharged from his personal responsibility; and the plaintiff had agreed to accept, instead of it, a specified fund, uncertain as to its product and amount. The terms offered were a personal responsibility to the amount of 1,000 dollars, and it is impossible for the court to say that this offer was, under these circumstances, a fraudulent evasion of the covenant.

I am accordingly of opinion, that the defendant is entitled to judgment.

KENT, Ch. J. was of the same opinion.

SPENCER, J. not having heard the argument, gave no opinion.

Judgment for the defendant.