## STEPHEN PERLEY and ux. *vs.* HORACE LANGLEY.

WHETHER rights are holden as a custom, or as a prescription, depends on the manner in which they are holden—whether by a local usage, or as a personal claim, or as dependent on a particular estate.

All rights which may be holden as a custom, may be holden as a prescription, but the reverse of this is not true.

The inhabitants of a town or village cannot claim a right to take sand to mix with lime, for the purpose of making mortar, from the land of another, as a custom. Such a right is a profit in another's land, and must be plead in the individual and his ancestors, or through a corporation and its predecessors, or in a *que estate*, as a prescription.

THIS was an action of trespass, for breaking and entering the plaintiff's close, and digging up and carrying away one thousand bushels of the plaintiff's soil and earth.

The defendant plead, 1st, that the *locus in quo* was a public navigable water, called Sandbornton Bay, from which the adjoining inhabitants have ever had, and ought to have, the right to take and carry away sand and earth ;—on which plea issue was taken to the country.

The defendant further plead, that the *locus in quo,* from the time whereof the memory of man runneth not to the contrary, has been a place from which the inhabitants of Meredith Bridge Village have had, and ought still to have, the right, liberty and privilege, to take and carry away sand at all times, for the purpose of mixing with clay and mortar, and that the defendant, as an inhabitant of said village,

has such right, which he is ready to verify : Which plea the plaintiffs demurred to.

The case was transferred to this court, for the determination of the matters in law raised in the second plea.

*G. Y. Sawyer*, for the plaintiffs, argued in support of the demurrer :

1. That the plea sets forth substantially either a " custom" or a " prescription."

2. If the former, it is a custom to take a " profit," *in alieno solo*, which all the authorities pronounce a bad custom.

3. If the latter, it should have been pleaded with a *que estate.*

These positions are sustained by the following authorities : *Co. Lt.* 113, *b ; Bacon's Abridg.* 669, *Custom*, *A ; Gateward's case*, 6 *Co. Rep.* 60 ; *Selby* vs. *Robinson*, 2 *Term Rep.* 758 ; *Grimstead* vs. *Marlowe*, 4 *Term Rep.* 717 ; *Waters* vs. *Lilley*, 4 *Pick.* 145.

The rule laid down in the authorities is, that a mere easement—as a way—a landing place, *Coolidge* vs. *Learned*, 8 *Pick.* 505 ; a right to dry nets, 5 *Co. Rep.* 84, may be claimed by custom, but a *profit, a prendre*, which is an " interest" in the soil, and may be a right to take the products of the soil, as a right of common, *Gateward's case, supra ;* or a right to take decayed wood, *Selby* vs. *Robinson, supra ;* or fish, *Waters* vs. *Lilley, supra ;* or to take a part of the soil itself, as a mine, &c., must be claimed by prescription, and pleaded with a *que estate.*

The right claimed by the plea is to take a part of the soil, and is clearly a *profit, a prendre.*

*Hazelton*, for the defendant.

UPHAM, J. The terms *custom*, and *prescription*, are often

used as synonymous. They are alike in this respect,—that no custom or prescription can be legal, but such as has been used time out of mind, *Co. Lit.* 110, 113; and they both have their obligation originally from the consent, either express or implied, of the parties who are bound by them. The ordinary forms of pleading a custom and prescription are the same, and the difference betwixt them does not generally depend on the nature of the claim set up. The same rights and privileges which may be claimed as a custom, may also be claimed as a prescription. An easement upon another man's land, such as—a right of way—a right to turn a plough upon another man's land, or for a fisherman to mend his nets there—a right to have a gateway—or to pass quit of toll—may be sustained as a custom, or as a prescription.

If these rights are common to any manor, district, hundred, parish, or county, as a local right, they are holden as a custom; if the same rights are limited to an individual and his descendants, to a body politic and its successors, or are attached to a particular estate, and are only exercised by those who have the ownership of such estate, they are holden as a prescription, which prescription is either personal in its character, or is a prescription in a *que estate.*

In order, therefore, to determine whether rights are holden as a custom, or as a prescription, it is necessary to advert merely to the manner in which they are holden, whether as a local usage, or as a personal claim, or dependent on a particular estate. At the same time, there are certain rights that can be holden but in one way, and as a prescription.

All the rights that can be holden as a custom can be holden as a prescription; but not *vice versa*—and all rights holden as a custom, or as a prescription, are holden *by* prescription; that is, in the sense of the term here used, by usage; but this does not confound the distinction as to the tenure of those rights.

In this case, the claim set up is not made as attaching to

a person by inheritance, to a corporation, or an estate, but is claimed as a local right in the inhabitants of Meredith Bridge Village. The claim is, therefore, made as a custom ; and it becomes material to determine whether such a claim can be by custom.

A distinction has been taken, in all the authorities, betwixt a profit taken from the soil of another, and a mere easement upon the soil. Rights, *a prendre*—as the right to taking the herbage of the soil by cattle—a right to take away turf, peat, coal, sand or gravel, cannot be alleged as in the inhabitants of a town, and as a local custom. Such a claim must be sustained as a prescription by the individual through his ancestors, or in the name of a corporation and its predecessors, or as appurtenant to some estate holden by the claimant. A mere residence is insufficient. It is not essential that such rights be prescribed for in a *que estate* as holden in the language of 4 *Term Rep.* 717 ; for all rights that can be sustained by prescription can be prescribed for in a man and his ancestors ; and rights in gross can be prescribed for only in this manner, and cannot be claimed in a *que estate.* 1 *Lit., sec.* 183 ; 1 *Saund.* 346. The inhabitants of a town, as such, or the inhabitants of the ancient houses of a town, cannot claim a right of common, or other profit, *in alieno solo,* as a custom, for the inhabitants may not have the inheritance. *Co. Lit.* 113, b ; *Gateward's case,* 6 *Co.,* 60 ; 2 *Cro.* 152 ; 2 *do.* 446 ; *Com. Dig., Prescription, H.* ; *Co. Lit., sec.* 183, 120, *b* ; *Mellor* vs. *Spateman,* 1 *Saund.* 346 ; *Grimstead* vs. *Marlowe,* 4 *D. & E.,* 717 ; *Waters* vs. *Lilley,* 4 *Pick.* 145.

Inhabitants may prescribe for an *easement in alieno solo ;* as for a way—for liberty to play at rural sports—to draw nets on another's land—to pass free of toll—for a public landing place, &c. *Bacon's Abrid., Custom, C ; Cro. Eliz.* 180 ; *Cro. Ca.* 419 ; 13 *Pedersdorf's Abr., note,* 502 ; *Fetch* vs. *Rawling,* 2 *Hen. Bl.* 393 ; *Millechamp* vs. *Johnson, Willes,* 205 ; *Coolidge* vs. *Learned,* 8 *Pick.* 505 ; *Sar-*

*geant* vs. *Ballard,* 9 *Pick.* 251. But there are no authorities that sustain the removal of the soil, or the taking of profits from the soil of another, as a custom. There is, therefore, no justification for the breaking and entering in this case, upon such a plea.

*Plea adjudged bad.*