## SARGENT *vs.* GUTTERSON & a.

A right to flow land by means of a pond created by a dam attached to an ancient mill site, is a prescriptive right in a *que estate.*

In an action for flowing land, the defendant asserted a right to flow the land of the plaintiff and others by means of a pond created by a dam attached to an ancient mill site.—*Held*, that the owners of other lands flowed in the same manner were competent witnesses for the plaintiff, to rebut the evidence of the defendants' right, as they were interested in the question only, and not in the event of the suit, nor in the record.

Previous to a sale of land to the plaintiff, the vender said to him that the defendant had no right to flow the land, and afterwards conveyed the land to the plaintiff with covenants of warranty.—*Held*, in the absence of fraud, that the verbal statements were merged in the covenants in the deed.

In such case, the vender is a competent witness for the plaintiff in an action for flowing the land, upon being released from his covenants, although at the date of the deed some damage had been done by the water to the premises.

CASE, for flowing the plaintiff's meadow.

The defendants asserted a right to flow the land of the plaintiff, and also the land of Clifford, Paige and others, by means of a pond, and a dam erected upon an ancient mill site, which had been maintained, as they alleged, since the year 1761.

It appeared, from the testimony of Daniel H. Parker, that on the 7th day of April, 1836, he conveyed the premises to the plaintiff by deed of warranty. This witness was released by the plaintiff. Upon cross examination he stated that

upon the sale he told the plaintiff that the defendants had no right to flow the land. There was evidence that a new dam was erected by the defendants in the year 1834, and Parker testified that in the year 1835, and before his conveyance to the plaintiff, some injury had been done by the water to the trees upon the premises.

The defendants objected to Parker, as incompetent, from interest, but the objection was overruled.

The plaintiff introduced Jonathan Clifford as a witness, to prove the extent of the injury, and to rebut the evidence of the defendants. He testified that in the years 1836, 1837, 1838 and 1839, he owned a part of the meadow in question, which part the defendants claimed a right to flow, as they did the land of the plaintiff. The defendants objected, that as they claimed an easement, or right to flow a definite tract, by a dam of certain height, for more than twenty years, all those whose lands were thus flowed, including the witness, had a common interest to defeat the defendants, and that as the verdict and judgment in this case, if against the defendants, would be evidence for the witness upon a trial of his rights, he ought not to be permitted to testify. But the objection was overruled.

It also appeared that Jeremiah Paige, who died shortly before the trial, had a suit pending in this court against the defendants at the time of his death, and which was still pending, to recover damages for flowing a part of the same meadow. The plaintiff offered B. P. Paige as a witness, who was a son and one of the heirs at law of the deceased, to rebut the evidence of the defendants' right. The defendants objected to him as incompetent, but the court permitted him to testify.

The jury returned a verdict for the plaintiff, which the defendants moved should be set aside on account of the admission of the evidence, as above stated.

*Fowler*, for the defendants. Parker was incompetent, be-

Sargent *v.* Gutterson.

cause an action on the case for deceit would lie against him in one event, independent of the covenants in the deed. 1 *Story's Eq.* 201; 2 *Kent's Com.* 484; 3 *Bingh.* 396; 7 *Bingh.* 165. If the defendants had a right to flow the land, Parker would be liable to the plaintiff, upon his statement that they had no right, and thus he was interested that the plaintiff should recover. Moreover, upon a verdict for the plaintiff the record would be evidence for Parker, if the plaintiff should bring a suit against him, upon his statement that the defendants had no right to flow the land.

Clifford was an incompetent witness, on account of his interest in the record. Upon a recovery by the plaintiff, the record would be evidence that the defendants had no right to flow, as alleged. 2 *Johns.* 176; 1 *B. & A.* 87; 5 *Bingh.* 286; 1 *Dougl.* 374; 3 *Pick.* 356; 8 *Pick.* 518; 5 *T. R.* 174.

The evidence in this case proved a custom, or usage, and in such cases the record is evidence, though the parties may be different. *Greenl. Ev.* 450, 451; 1 *Taunt.* 261; 1 *East* 355; *Ld. Raym.* 731.

Paige was interested, because if the administrator of his father's estate should recover, the money would be assets, and the witness is an heir at law, and in that capacity he owned the meadow about which his father's suit is pending. *Greenl. Ev.* 437.

*Perley,* for the plaintiff. Parker, by his deed, covenanted against certain incumbrances, which he had before said did not exist. When a contract is reduced to writing, the prior statements in relation to the subject of it are merged, particularly where a sealed instrument is executed. I do not understand any case to have settled that an action will lie upon a verbal statement, made when a deed is executed, and which is substantially comprehended in it. There is nothing from which it can be inferred that the statement was false.

As to Paige, it is enough to say that he stands as his father would, if he had been offered as a witness. He is competent, if his father would have been so.

The defendants' right was claimed as a prescription in a *que estate.* Persons interested in a custom cannot testify in relation to it; but even that is only where the custom is pleaded, and issue is taken upon it. *Greenl. Ev.* 152; 1 *M. & S.* 690; *Dougl.* 374; 1 *East* 357; 7 *C. & P.* 181; 1 *Strange* 654; *Ld. Raym.* 353, 731.

A prescription belongs to a particular estate, but a custom does not, and one may be inadmissible for or against a custom relating to a large extent of country. Here, there is no evidence of any thing like a custom or usage, but only a right to flow a piece of land attached to the mill.

In the case of a prescription, the record is not evidence. 3 *T. R.* 32; 2 *Johns.* 170; 3 *Pick.* 248; 7 *N. H. Rep.* 235; 2 *Fairf.* 341. No case holds that one not interested in the suit, nor liable in any manner, is excluded on account of his interest in the record.

It is not pretended that the witnesses are interested in the costs or damages. Their interest, if any there be, is only in the record, and that must be between the same parties, or those under whom they claim, in order to exclude a witness. And it does not follow, from any thing that appears here, that they were even interested in the question. There is no connection of title between the plaintiff and the witnesses. 3 *T. R.* 27, 300. And it is settled every where, that one cannot be excluded on account of his interest in the question.

*Bartlett,* on the same side.

GILCHRIST, J. The principle to be applied in this case is a familiar one, and the points are well settled by the authorities.

It is apparent that B. P. Paige, the witness, is as competent to testify as his father, Jeremiah Paige, would have been had

he been living. The witness had an interest in a part of certain land flowed, of which his father was the sole owner. He had likewise an interest in the damages to be recovered in the suit instituted by his father against the defendants. He may, therefore, be considered as occupying a position similar to that of Jonathan Clifford ; and the question then is, whether persons standing in such a relation to the subject matter of the controversy have an interest sufficient to exclude them from testifying.

The decisions, in cases similar to this, seem to settle the point that these witnesses were interested in the question merely, and not in the result of the suit. In *Doe* vs. *Clarke,* 3 *Bingh. N. C.* 429, a witness, who claimed as heir of B, was offered, to defeat the plaintiff, who also claimed as heir of B, and was held competent. In case, for flowing the plaintiff's land by the defendant's dam, the owners of mills below, though benefitted by the dam, were held to be competent witnesses for the defendant. *China* vs. *Southwick,* 2 *Fairf.* 341. A person who is connected with the plaintiff in the same transaction out of which the action arose, and who has actually commenced an action against the same defendant for the same injury, is, notwithstanding, a competent witness for the defendant. *Bliss* vs. *Thompson,* 4 *Mass.* 488. In an action against a certificated conveyancer, for negligence in managing the purchase of an annuity for the plaintiff, a joint purchaser is a competent witness for the plaintiff. *Rothery* vs. *Howard,* 2 *Stark. Rep.* 68. In an action by a mariner against the owner of a vessel, for wages, another seaman, who served on board the same vessel, is a competent witness for the plaintiff, although he may have a common interest with the plaintiff as to the point in controversy. *Hoyt* vs. *Wildfire,* 3 *Johns.* 518. Upon the trial of a complaint against the owner of part of a mill-dam, for flowing land, the owner of another part of the same dam in severalty is a competent witness for the respondent. *Clement* vs. *Durgin,* 5 *Greenl.* 9.

These decisions were founded on a principle applicable to the case before us, that the witnesses were interested in the question, and not in the event of the suit. It is argued, however, that Clifford and Paige stand in the same relation to the plaintiff which those persons occupy who are called to prove a customary right, by the existence of which they would be benefited, and that they therefore have an interest in the record as an instrument of evidence.

Now the defence in this case is, that the defendants have a right to flow the plaintiff's land by means of a pond created by a dam attached to the mill upon an ancient mill site. If they have a right to flow the land of the plaintiff, they have also a right to flow the lands of Clifford and of Paige. These persons are interested that the defendants should not prove the existence of such a right, and their testimony tended to prove that the right did not exist. If they stand in a position analogous to that of a commoner, or of a person who will be benefited by the existence of a customary right, the record will be evidence for or against them. In such cases a record establishing the custom, is evidence of the existence of the custom in a suit between other parties. *Duke of Somerset* vs. *France,* 1 *Strange* 654. If the issue be on a right of common which depends on a custom pervading the whole manor, the evidence of a commoner is not admissible ; because, as it depends on a custom, the record in that action would be evidence in a subsequent action, brought by that very witness to try the same right. But the same reason does not hold where common is claimed by prescription in right of a particular estate, because it does not follow if A has a prescriptive right of common belonging to his estate, that B, who has another estate in the same manor, must have the same right ; neither would the judgment for A be evidence for B. Buller, J., *Walton* v. *Shelley,* 1 *T. R.* 302, 303 ; *Lufkin* vs. *Haskell,* 3 *Pick.* 356 ; *Anscomb* vs. *Shore,* 1 *Taunt.* 261 ; *Jacobson* vs. *Fountain,* 2 *Johns.* 170 ; *Gould* vs. *James,* 6 *Cowen* 369. If a right be common to any

manor, district, hundred, parish or county, as a local right, it will be holden to be a custom. If it be attached to a particular estate, and be exercised only by those who have the ownership of such estate, it will be a prescription, either personal in its character, or a prescription in a *que estate*. *Perley* vs. *Langley*, 7 *N. H. Rep*. 235. But no other right is assumed to exist here than that of flowing the land of these persons by means of a dam and pond attached to the mill site. It bears no resemblance to a right of common, or any customary right belonging to the inhabitants of a particular place, nor are the witnesses commoners, or interested to defeat any customary right. It is a prescription in a *que estate*, and the interest of those persons whose lands are flowed is an interest in the question only, which does not render them incompetent witnesses.

The argument of the defendants for the rejection of the witness Parker rests on another ground. He conveyed land by deed of warranty, and at the same time told the grantee that the defendants had no right to flow the land. Some damage had then been done by the water to the trees on the premises. It is said that Parker would be liable in case to the plaintiff upon this statement, if the plaintiff should not recover in this suit, and was consequently interested that the verdict should be for the plaintiff.

Upon this point it is not necessary to hold that in no case where land is conveyed with covenants of warranty will an action lie against the grantor, upon an independent representation made at the time of the contract. If a fraudulent statement be made, the party will undoubtedly be liable therefor in an action, although he may have made covenants on the same subject, for the fraud will not be merged in the covenants. If such had been proved in this case, a different question would be presented from that now raised by the evidence. But in this case Parker stated to the plaintiff that the defendants had no right to flow the land. He then made covenants to the same effect, which covenants are released.

Sargent *v.* Gutterson.

No oral representation, in the absence of fraud, previous to a sale by a contract which is afterwards reduced to writing, is a warranty, for it is merged in the written contract. It would be a very unsafe rule, that a contract should rest partly in writing and partly in parol. The writing is the sole evidence of the agreement; and any verbal statements made at the time are incompetent to add to or to vary it. *Mumford* vs. *McPherson*, 1 *Johns.* 414; *Wilson* vs. *March*, 1 *Johns.* 503; *Pickering* vs. *Dowson*, 4 *Taunt.* 779; *Sherwood* vs. *Marwick*, 5 *Greenl.* 295; *Osgood* vs. *Davis*, 18 *Maine Rep.* 146.

The opinion of the court is that there should be

*Judgment on the verdict.*