NATHAN C. KENYON v. JOHN NICHOLS, JR.

One commoner may sue separately for a disturbance of his right of common.

*Sea-weed* thrown up upon the shore, belongs to the owner of the adjoining land.

And, therefore, a *customary* right in all the citizens of the state, to take sea-weed, cannot be sustained. No interest or profit à *prendre* in the soil of another, can be claimed by *custom*, though it may be by *prescription*.

THIS was an action on the case for an injury to the plaintiff's right of common of sea-weed. The declaration contained three counts, which, with the other pleadings, are given in the opinion of the court, which was delivered by

HAILE, J. — The first count substantially sets forth, that the plaintiff, before and at the time of committing the acts of grievance, was lawfully possessed of a certain farm of one hundred and fifty acres of land, with the appurtenances, situate in the town of South Kingston, and by reason thereof had, among other commonable rights, common of sea-weed, or a right of taking sea-weed or sea manure in a certain place or common, called the " common lot," situate in said town, every year and at all times a year, as to the said farm with the appurtenances belonging and appertaining. Yet the said defendant, well knowing the premises, &c., entered in and upon the common lot aforesaid, with his oxen and teams, and unlawfully gathered together, took and carried away from said

Kenyon *v*. Nichols.

common lot, and converted to his own use, an hundred loads of sea-weed and sea manure, which before had been drifted and deposited and made on the common lot aforesaid, by the action of the sea and tides ; and which ought to have remained thereon, to be used for the purpose of nourishing, manuring, and enriching the grass and herbage of said plaintiff's farm, with certain others, &c.

The second count sets forth, that the plaintiff, at the time of committing the gievances, was lawfully possessed of one of the Sewall farms, of one hundred and fifty acres of land, with the appurtenances, and by reason thereof had, among other commonable rights, common of sea-weed or sea manure in a certain place or common, called the " common lot," laid out and platted as a common lot, on a plat of the sale of the Sewall farm, situate in South Kingston, containing ten acres, more or less, as a common lot, for the use of the Sewall farms, so called, sold and platted into several farms, for the use of the purchasers of said Sewall farm, their heirs and assigns, &c. Yet the defendant, with his servants, horses, oxen, carts, &c., trod down and destroyed the grass and tore up the soil on said common lot, &c.

The third count was similar to the first.

The defendant filed two pleas in abatement to this action.

1st. That it appears from said plaintiff's writ and declaration, that certain others, (owners of the estate called the Sewall estate,) and not named as plaintiffs in said action, and whose names are unknown to the defendant, are jointly entitled and have a joint legal claim with said plaintiff in the common and commonable rights, for the disturbance of which and the recovery of damages to which, said plaintiff's action is brought, who ought to have been named in said writ, as plaintiffs with said plaintiff, &c.

2d. That it appears from said plaintiff's declaration, that

the right of common in the common lot, described in said declaration, for the disturbance of which right and for damages, to which said action is brought, is a right appurtenant to a certain farm or estate in said South Kingston, called the Sewall farm or estate, and belongs to and amongst all the purchasers of said estate; and that ———— are part owners of said estate, or parts thereof, and jointly interested in said common and sea-weed thereon and taken therefrom, with said plaintiff. And that said plaintiff, at the time the several grievances set forth in his said declaration are supposed to have been committed, had nothing in said common or commonable rights, unless jointly and undivided with the said ————, &c.

To these pleas there was a demurrer and joinder.

And the defendant also pleaded substantially in bar to this action, that the common lot mentioned in the plaintiff's declaration is bounded south on the sea, or on the salt water of an arm of the sea; and that the same has ever been used by the inhabitants of this state as a public landing-place, to land and receive cargoes from vessels and boats. And that said defendant and all other persons citizens and residents of this state had, at the several times when the acts and grievances set forth in the plaintiff's declaration are supposed to have been committed, for the period of twenty years and more, and from the time whereof the memory of man is not to the contrary, have had, and have been used and accustomed to have, and of right ought to have, a right of common in said lot to take the sea-weed lying on the shores of said lot, and to carry the same away to their own lands, &c. And that the defendant being at the time, &c., a citizen of the town of South Kingston in this state, and the occupant of a farm therein, entered in and upon said close or common lot, and took therefrom sea-weed lying on the shores thereof, &c.

To this plea there was also a demurrer and joinder.

And the defendant also pleaded the general issue.

*Ames*, for the plaintiff, in support of the plaintiff's demurrer to the defendant's pleas in abatement, relies on 1 Chitty's Pleadings, tit. Commoner; 1 Saunders's R. 346, note *a*.

And, in support of the demurrer to the defendant's plea in bar, he contends, that the customary right in all the citizens of the state to take sea-weed cannot be sustained. It is a claim to take profit from the soil of another. Angell on Tide-waters, 271; *Pearley* v. *Langley*, (7 N. Hamp. Rep. 233); *Waters* v. *Lilley*, (4 Pick. R. 145); *Selby* v. *Robinson*, (2 Term Rep. 758); 3 Halst. Rep. 125.

Sea-weed is a right in the soil, like alluvial. *Emans* v. *Turnbull et al.* (2 John. Rep. 313); *Phillips* v. *Rhoades*, (7 Met. Rep. 322.)

*Pearce* and *Shearman*, for the defendant, contended, that the pleas in abatement ought to be sustained, because others are interested in this common right. Justice requires, that the defendant should not be subjected to a multiplicity of suits. Cases where a commoner has a right to bring his action alone are those where he has been deprived of his entire right.

All the persons interested have a joint interest. 1 Saund. Rep. 291, note *g*; 2 Wilson's Rep. 214, 423; Story's Pleadings, 17, 18.

In regard to the plea in bar, we do not claim a profit *à prendre;* we claim nothing out of the soil; we claim only what is thrown up by the winds and waves. The right to take sea-weed may be established by prescription; we say adverse rights may be gained by custom. 2 Greenl. on Ev. 448; Mathews on Pre. Ev. 314.

A right of common may be gained by custom.

The defendant's pleas in abatement are erroneous, and manifestly insufficient to abate the plaintiff's action. These pleas apply only to the second count, and do not affect the first and third counts in the plaintiff's declaration.

The first plea sets forth, " that it appears from said plaintiff's writ and declaration, that certain others, (owners of the estate called the Sewall estate,) are jointly entitled and have a joint legal claim with said plaintiff in the common and commonable rights," &c. And the second plea alleges, " that it appears from said plaintiff's declaration, that the right of common in the common lot described in said declaration, &c. is a right appurtenant to a certain farm or estate in South Kingston, called the Sewall farm or estate, and belongs to and among all the purchasers or owners of said estate," &c.

But no mention is made in the plaintiff's writ, or in the first or third counts in his declaration, of the Sewall farm or estate, or of the names of his fellow-commoners, or of the title which they claim in said common lot. These counts therefore are not affected by the defendant's said pleas. But if these pleas had been so drawn as to be responsive to the several counts in the plaintiff's declaration, they still would be insufficient in law to abate this action. For the plaintiff may individually well support an action of the case for an injury to his right of common, however small the damage. 1 Chitty's Plead. 51 ; *Pindar* v. *Wadsworth*, (2 East's Rep. 154) ; 1 East's Rep. 405.

The demurrer to the defendant's pleas in abatement is therefore sustained.

The question raised by the defendant's plea in bar was decided by this court, at its August term, 1846, in this county, in the action of *Knowles* v. *Nichols.* That was an action

of trespass for taking and carrying away sea-weed from the lot mentioned in the declaration of the present plaintiff; and evidence was offered on the part of the defendant to prove by custom a right in all the inhabitants of this state to take sea-weed from said lot for the purpose of cultivation. The court ruled, that this evidence was not admissible; that such a right in the soil of another could not be established by custom; such right can only be claimed by prescription.

Upon a reconsideration of this question, and a careful review of the authorities, we are unanimously of opinion, that the ruling of the court in that case was correct. That decision is supported not only by the authorities cited by the plaintiff's counsel, but by the current of authorities from *Gatewood's case*, and the cases of *Hardy* v. *Hollyday*, and *Grimstead* v. *Marlow*, down to the present time. 6 Rep. 60; 4 Term Rep. 717.

The claim made by the defendant is to have an interest or profit *à prendre* in the soil of another. This point is sustained by the reasons given in the adjudicated cases, for vesting marine increments in the proprietor of the adjoining land. *Emans* v. *Turnbull et al.* (2 John. Rep. 313); Angell on Tide-waters, 260.

The demurrer to the defendant's plea in bar is therefore sustained.